# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BRIAN WRIGHT, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. CIV 08-012-JHP-SPS |
| T. SCOTT HICKMAN, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff has filed a motion for temporary injunction, restraining order, and preliminary injunction [Docket #105], alleging that since this civil rights action was filed, he and his family have been constantly harassed by Sequoyah County and other defendants. He complains the defendants have been prank-calling his family and friends at 2:00 a.m. and using "intimidation tactics" to get him to "back off" this lawsuit.

Plaintiff further claims the defendants have conspired with Special District Judge Dennis M. Sprouse and other Sequoyah County officials in an attempt to reverse the vacation of his conviction and sentence in Sequoyah County District Court Case No. CF-1994-55, which is the basis of this action. He contends that the fact that the preliminary hearing was set after this case was filed is evidence of the defendants' retaliation.

Defendant Hickman has filed a response to the motion [Docket #110], alleging petitioner has failed to meet the requisite elements for issuing a preliminary injunction or temporary restraining order, so the motion should be denied. Hickman also correctly asserts that plaintiff's vague characterization of the offending defendants and their acts fails to meet the burden required to issue the relief requested.

The court has carefully reviewed the record and construes plaintiff's pleadings

liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff is complaining that the defendants are harassing his family and friends in an attempt to stop this civil rights litigation. Plaintiff's family and friends, however, are not parties to this action, so plaintiff cannot present their claims. *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("[A] section 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else.").

Plaintiff also is asking the court to prevent the state court from holding a preliminary hearing for him in Sequoyah County District Court Case No. CF-94-055. Federal courts, however, are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The court finds plaintiff's ongoing state proceedings implicate important state interests, and the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

**ACCORDINGLY,** plaintiff's motion for temporary injunction, restraining order, and preliminary injunction [Docket #105] is DENIED.

**IT IS SO ORDERED** this 29th day of April 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma

2