IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES BRIAN WRIGHT,            )
                               )
        Plaintiff,             )
                               )
vs.                            )   Case No. CIV-08-12-JHP-SPS
                               )
WILLIAM K. ORENDORFF, and      )
SEQUOYAH COUNTY BOARD OF       )
COUNTY COMMISSIONERS,          )
                               )
        Defendants.            )

# ORDER

This matter comes on for decision on Plaintiff's Motion to Alter or Amend Judgment (Docs. 279 and 286). Plaintiff contends that a "letter/note," which he attaches to his motion establishes enough "facts to convince a jury that I was wronged." Plaintiff filed a brief in support of his Motion on November 20, 2009 (Doc. 292). Plaintiff admits he had access to this information since approximately September 12, 2008,[1] which was clearly prior to the filing of his Third Amended Complaint on April 20, 2009, yet this information was not attached or made a part of his Third Amended Complaint (Doc. 182). This "letter/note" was attached to a Motion for Leave to File an Amendment to Plaintiff's Motion for Summary Judgment (Doc. 269) and thereafter to the Plaintiff's Amended Motion for Summary Judgment (Doc. 272).

---

[1] Plaintiff sought leave to file his Third Amended Complaint on September 26, 2008.

Defendant Sequoyah County Board of County Commissioners (hereinafter "County") filed a Response objecting to Plaintiff's Motion to Alter or Amend Judgment (Doc. 287). While noting that the "letter/note" is not dated and makes no reference to Plaintiff or his underlying criminal case number the County argues "even if the alleged 'note' was evidence" of a conspiracy, it does not implicate the County. This Court agrees.

Defendant Orendorff also filed a Response objecting to Plaintiff's Motion to Alter or Amend Judgment (Doc. 291). Defendant Orendorff correctly points out that although Plaintiff represents to this Court that he had the information which he attached to his Motion to Alter or Amend Judgment in September, 2008, at the time he filed his Third Amended Complaint he did not attach it to the complaint nor did he allege any specific allegations of a conspiracy. Plaintiff does not allege any facts to establish who actually typed the "letter/note," that the "letter/note" was written in connection with Plaintiff's underlying criminal case, and/or that Defendant Orendorff actually received the "letter/note" and, thereafter entered into an agreement to violate Plaintiff's civil rights. *See*, *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.")

A motion to alter or amend a judgment may not be used to present new arguments or evidence which could have been raised prior to entry of judgment. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996) and *Global Network Technologies, Inc. v. Regional Airport Auth. of Louisville and Jefferson County*, 122 F.3d 661, 665-66 (8th Cir. 1997). As a general rule, Rule 59(e) motions "should be granted only to correct manifest

errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). In this particular case, Plaintiff acknowledges he had the "letter/note" prior to the filing of his Third Amended Complaint and more than a year before this Court ruled on the Defendants' Motions to Dismiss the Third Amended Complaint. Thus, it can not be considered "newly discovered evidence." Moreover, Plaintiff has failed to establish that a manifest error of law has occurred. Accordingly, this Court hereby denies Plaintiff's Motion to Alter or Amend the Judgment (Docs. 279 and 286).

It is so ordered on this 3rd day of December, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma